UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BRYCE GERALD RANDALL NOWLAN, | ) |
| Petitioner, | ) Civil Action No. 5:20-cv-00102 |
| v. | ) **MEMORANDUM OPINION** |
| NINA LYNN NOWLAN, f/k/a NINA LYNN BROWN, | ) By: Hon. Thomas T. Cullen<br>) United States District Judge |
| Respondent. | ) |

This proceeding is the latest in a protracted dispute between two parents, in two countries, over which one of them has wrongfully taken their daughter[1] across international borders. The child's father, Petitioner Bryce Gerald Randall Nowlan ("Petitioner" or "Mr. Nowlan"), a Canadian citizen, filed a Verified Petition for Return of the Child to Canada ("Petition") under The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 ("Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"). (ECF No. 1.) He alleges that the child's mother, Respondent Nina Lynn Nowlan ("Respondent" or "Ms. Nowlan"), a United States citizen, wrongfully took their daughter from his custody in Canada to Virginia, where she currently resides. Mr. Nowlan petitions this court to return AEN to Canada under the Hague Convention.

This matter is currently before the court because Petitioner objected to the court's

---

[1] The court will refer to the child using her initials, AEN.

1

scheduling order. Specifically, the scheduling order granted the parties latitude to produce "detailed, written summaries" for their expert disclosures, as opposed to the comprehensive written summaries contemplated under Federal Rule of Civil Procedure 26(a)(2)(B). As expert discovery in this expedited Hague Convention proceeding is well under way, the court issues this Memorandum Opinion to overrule the objection.

## I. PROCEDURAL POSTURE

On December 15, 2020, Petitioner filed (1) a Verified Petition for Return of the Child to Canada and Request for Issuance of Show Cause Order, and (2) a motion to expedite the proceedings under the Hague Convention. (ECF Nos. 1–2.) The court promptly entered a show-cause order, granted the motion to expedite the proceedings, and entered a proposed scheduling order. (ECF No. 4.) The court also set this matter for an in-person bench trial in January 2021 in accordance with the Hague Convention's expedited timeline. (*See id.*)

After the initial show-cause hearing, the parties submitted a proposed agreed scheduling order. (ECF No. 20.) The parties agreed on all matters with one exception. Paragraph 5 of the proposed order stated:

> [B]oth parties shall provide *full and complete expert disclosures* as required by Rule 26(a)(2)(A)–(C) of the Federal Rules of Civil Procedure, by Wednesday, January 13, 2021. . . . *Full and complete rebuttal expert disclosures*, which shall also comply with Rule 26(a)(2)(A)–(C) . . . shall be made by Wednesday, January 20, 2021.

(ECF No. 20 ¶ 5 (emphasis added).) With the proposed order, Respondent lodged the following objection to paragraph 5:

> Counsel for Respondent Nina Lynn Nowlan objects to Section 5 of Petitioner's proposed Scheduling Order. . . . Respondent objects to *importing the strict disclosure requirements of Rule 26,*

2

> *particularly since this matter is proceeding on an expedited basis.* Expert disclosure under Rule 26 requires the witness to prepare and sign a detailed report, all at the expense of the disclosing party. Respondent is indigent. *Respondent respectfully requests that the Court require counsel for both parties to provide summaries of each expert's anticipated opinions, but not a detailed report executed by the expert in strict compliance with Rule 26.*

(*Id.* at 5 (emphasis added).)

On December 23, 2020, the court entered its scheduling order. (ECF No. 21.) As opposed to requiring "full and complete expert disclosures as required by [Rule 26]" (the language included in the proposed scheduling order and objected to by Respondent), the court required the parties to provide "detailed, written summaries of their experts' opinions and conclusions." (ECF No. 21 ¶ 5.) The court also included the following:

> The court is cognizant of the onerous burden imposed by Rule 26 regarding expert witness disclosures and Ms. Nowlan's objection to complying with the strictures of the rule due to both time and expense. The court agrees and notes that this, at bottom, is a summary proceeding with expedited deadlines, modified procedures, and relaxed standards for the admissibility of evidence. Given these unique factors, respondent's objection is persuasive. The court will grant the parties latitude during the cross examination of any expert witness as necessary to account for any expert report that is less fulsome tha[n] a standard Rule 26 report.

(ECF No. 21 at 2–3 n.1.)

Petitioner filed two objections to paragraph 5 of the scheduling order. (ECF No. 24.) First, Petitioner objected to the "truncating" of expert-disclosure obligations under Rule 26(a)(2)(B) in light of Ms. Nowlan's claims that Mr. Nowlan sexually abused AEN. (*See id.* at 1.) Second, the objection states: "Paragraph 5 of this Court's Scheduling Order truncates the [Rule] 26 obligation 'to provide detailed, written summaries' but does not provide the

3

Petitioner an opportunity, as he would have under Rule 26, to note any *Daubert* challenges or to move in *limine* to exclude the proposed expert in advance of trial." (*Id.* at 2.)

## II. ANALYSIS

The court has considered the objections and will overrule both. It is well established that district courts are "afforded substantial discretion in managing discovery." *Hare v. Comcast Cable Commc'ns Mgmt, LLC*, 564 F. App'x 23, 23 (4th Cir. 2014) (per curiam) (citing *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Moreover, Rule 26(a)(2)(B) contemplates deviations from the typical requirements for expert witnesses' written reports. Fed. R. Civ. P. 26(a)(2)(B) ("*Unless otherwise stipulated or ordered by the court*, this disclosure must be accompanied by a written report." (emphasis added)).

While the court will allow the parties to produce "summaries" of each expert witnesses' anticipated opinions and conclusions—as opposed to comprehensive written reports—the scheduling order still requires the parties to produce "*detailed*, written summaries." (ECF No. 21 at 2–3 (emphasis added).) The court further granted the parties "latitude during the cross examination of any expert witness as necessary." (ECF No. 21 at 2–3 n.1.) The court is satisfied that the parties can still adequately prepare for the bench trial and bring to the court's attention any purported insufficiencies or shortcomings in the other party's expert witness(es) at the trial.

As the court noted in the scheduling order, this is an expedited proceeding that will ultimately decide whether to order the return of AEN to Canada. In so doing, the court must consider various evidence relating to the laws and legal proceedings in a foreign country as well as the affirmative defenses—and likely expert testimony regarding the

same—set forth in the Hague Convention and codified by ICARA. The court and the parties must navigate this proceeding from initial filing to trial in approximately six weeks. Accordingly, the court must balance efficiency and thoroughness while also considering the sometimes-staggering cost of litigating with expert witnesses. The court finds that this compromise strikes the best balance. With this said, the court expects the parties will not take advantage of the flexibility granted by the court but will produce thorough written expert summaries so that the other side may be adequately prepared.

The court will also overrule Petitioner's second objection. Nothing in the scheduling order prohibits either party from bringing any *Daubert* challenges or moving in *limine* to exclude an expert witness in advance of trial. Indeed, the scheduling order does not mention *Daubert* challenges or motions in *limine*, and Petitioner is reading nonexistent language into the scheduling order. Because the order does nothing to limit Petitioner's recourse if he has a good-faith argument to exclude an expert, Petitioner's objection on these grounds will be overruled.

### III.  CONCLUSION

For the reasons stated above, Petitioner's objection (ECF No. 24) will be overruled. A separate order will follow.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying order to all counsel of record.

**ENTERED** this 5th day of January, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE