IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| BRYCE GERALD RANDALL NOWLAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:20cv00102 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NINA LYNN NOWLAN, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Bryce Gerald Randall Nowlan is an active member of the Canadian armed forces. On December 15, 2020, he filed a Verified Petition for Return of the Child under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* Under the Hague Convention and ICARA, a parent may bring an action in federal or state court when the parent alleges that his or her child has been wrongfully taken or kept away from his or her habitual residence, in contravention of a parent's custody rights. Due to the sensitive and vital importance of the interests at issue, the Hague Convention envisions a decision on the merits of the petition within six weeks from the commencement of the proceedings, *see* Hague Convention art. 11, 19 I.L.M. 1501, 1502 (1980), meaning the parties and the court must work diligently and expeditiously, and not every request can reasonably be accommodated.

At a recent status conference with the parties, Petitioner's counsel advised that, due to his obligations to the military in Canada, it would be "impossible" for him to attend the evidentiary hearing that is currently set for January 28–29, 2021, in Roanoke. Because of the

global COVID-19 pandemic, travel options and opportunities are curtailed, and even more so for Petitioner as his current duty assignment is in a hospital in Ontario, Canada. As a result, Petitioner requests that he be permitted to attend and participate in the hearing via video conference.

Respondent filed a prompt objection. (ECF No. 41.) The crux of her objection is relatively simple. She has alleged that Petitioner sexually abused their five-year-old daughter in Canada prior to the child's removal to the United States, and that the return of the child to Petitioner's custody would place that child in grave risk of physical harm. (*See* Answer [ECF No. 39] ¶¶ 54, 60.) Because Petitioner's testimony about this allegation, and, relatedly, the court's assessment of his credibility, are essential to resolving this claim, Respondent argues that Petitioner should be required to appear and testify in person.

Considering the requisite compressed timeframe of this case, the adequacy of the court's videoconferencing platform (and the court's familiarity with it), Petitioner's military obligations, and the risks and difficulties associated with traveling internationally during the global pandemic, the court will grant Petitioner's request and overrule Respondent's objection. In so doing, the court is cognizant of the potential difficulties associated with cross-examining a witness via video, but these are by no means insurmountable, particularly for a skilled and highly experienced attorney, like Respondent's counsel, who has been practicing complex criminal and civil litigation in this court for over 25 years. To mitigate any potential limitations, the court will grant Respondent's counsel appropriate latitude in conducting his cross-examination of Petitioner and allow Respondent's counsel to "recross" Petitioner following his counsel's redirect of their client. *See* Fed. R. Evid. 611(a)(1) ("The court should exercise

reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth."). The court, in its discretion, will carefully consider other reasonable measures requested by Respondent. With these accommodations and the court's generally favorable impression of videoconferencing based on its use in myriad hearings over the last several months, it believes that Respondent's ability to conduct a full, meaningful, and vigorous cross examination of the adverse party will not be significantly or materially impaired. And the court is confident that it can fairly and accurately judge Petitioner's testimony whether he appears in person or via video.

To the extent Respondent implies otherwise, the court also notes that she does not have a due process right to confront Petitioner *in person* in order to cross-examine him. The Confrontation Clause found in the Sixth Amendment of the United States Constitution applies only in criminal cases; it has no applicability in civil matters. *See, e.g.*, *United States v. Cox*, 549 F. App'x 169, 170 (4th Cir. 2013) ("*Crawford [v. Washington]* applies only to criminal cases . . . ."); *Walden v. City of Chicago*, 846 F. Supp. 2d 963, 971 n.3 (N.D. Ill. 2012) ("[B]ecause this is a civil case, the Confrontation Clause is not implicated."). Respondent's due process rights are not infringed by permitting an adverse party to testify via video.

Moreover, the court is not prepared to force Petitioner, who has volunteered for service in the armed forces into choosing between obeying his commanding officer's orders not to travel to the United States for this hearing, or this court's order requiring him to do just that. Of course, the court would prefer that Petitioner make arrangements to attend in person and urges him, in the strongest possible terms, to attend these proceedings in person. But the

court will not compel him to do so. Ultimately, if he elects not to attend this proceeding in person, the court will also not draw any adverse inference or unfavorable impression of him.

In her objection, Respondent makes two additional arguments which require a response from the court.

First, Respondent contends the court's scheduling order, which notes that the hearing will be "in-person," somehow acts as an order compelling Petitioner's in-person presence. That overstates the court's scheduling order. In response to the COVID-19 pandemic, the court has conducted the vast majority of hearings via video conference in order to keep the litigants, counsel, and court staff safe. In fact, by Standing Order, the Chief Judge of this district postponed *all* in-person criminal and civil jury trials until March 2021. *See* Second Amended Standing Order 2020-10 and 2020-14 (W.D. Va. Dec. 3, 2020). The court's scheduling order simply informed the parties—and the court reiterated this intent at the status conference—that the exigencies of this case and the interests of justice justified conducting this evidentiary hearing, or as much of it as is practical, in-person. It did not compel the in-person attendance of all witnesses. The court rejects Respondent's invitation to expand its order beyond reason.

Second, Respondent argues her due process rights are vital because Petitioner is seeking a final judgment that their child "must be returned and raised with him in Canada." That misstates the issue before the court. The only issue in this case is whether the child must be returned to Canada under the Hague Convention and the circumscribed authority of this court. *See Cantor v. Cohen*, 442 F.3d 196, 199 (4th Cir. 2006). Unless they specifically relate to

- 5 -

the *prima facie* elements or defenses associated with a Hague claim, child-custody determinations by other courts are simply not relevant.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 21st day of January, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE